IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Z-Man Fishing Products, Inc. and Holding One, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Joseph F. Renosky and Renosky Fishing Lures, Inc., <br><br> Defendants. | Civil Action No. 2:11-cv-428-RMG-JDA <br><br> **ORDER** |

Before the Court is Plaintiffs' motion request preliminary injunctive relief in this matter. (Dkt. No. 7). The Magistrate Judge has reviewed the motion and the opposition and has recommended denying the motion. (Dkt. No. 28). No objections have been filed. After a review of this matter for any clear errors of law, this Court adopts the recommendation of the Magistrate Judge as the order of this Court.

## Analysis

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This matter comes to the Court based upon the allegations that Defendants caused Plaintiffs' fishing lures to no longer be sold in Wal-Mart stores. Arising out of this dispute, Plaintiffs have asked this Court for injunctive relief during the adjudication of this matter to prevent further harm. The Court will not recite the detailed factual and procedural background contained in the Magistrate Judge's report. The Magistrate Judge has thoroughly examined the issues presented to this Court and held a hearing on the matter. At the crux of this motion is whether Plaintiffs are entitled to injunctive relief. This Court, after a review of the matter, concludes they are not because they have not suffered irreparable harm.

Under the preliminary injunction standard recently articulated by the United States Supreme Court in *Winter*, a plaintiff must demonstrate more than the possibility of irreparable harm; the plaintiff must "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter v. Natural Res. Def. Coucil, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008) (citing Los Angeles v. Lyons, 461 U.S. 95, 103 (1983); *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441 (1974); *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). "[W]hen the failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the irreparable injury prong is satisfied." *Multi–Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 552 (4th Cir. 1994) (citing *Merrill Lynch, Pierce, Fenner & Smith v. Bradley*, 756 F.2d 1048, 1055 (4th Cir. 1985)).

2

Plaintiffs argue that without a preliminary injunction, they will continue to lose sales and market share, and Z-Man's goodwill will be impaired by the presence of Defendants' knock-offs. (Dkt. No. 7-1 at 17). Further, Plaintiffs contend the change in market share, price erosion, and illegal competition caused by Defendants' infringing activities cannot be corrected by money damages alone. (*Id.* at 18). Plaintiffs argue price erosion is an important concern because price point plays a significant role in consumers' fishing tackle purchasing decisions. (Dkt. No. 7-2 ¶ 22). Plaintiffs further argue that because Defendants have displaced Plaintiffs' lures at Wal-mart, where consumers are alleged to be shopping for the lowest price, if Defendants' lures are removed from Wal-mart after litigation of this case, consumers will not want to pay higher prices for Plaintiffs' lures if consumers are used to buying Defendants' lower priced lures, which consumers thought were the same as Plaintiffs' lures. (Dkt. No. 7-1 at 18). Finally, Plaintiffs contend that while there are several years of enforeceability remaining on the '062 Patent, the Plaintiffs' lures will never reach their earning potential if the prices continue to erode and Plaintiffs' goodwill is lost. (*Id.*)

Defendants respond arguing that Plaintiffs' lost sales from the seven SKUs removed from Wal-mart are not the result of Defendants' conduct. Instead, Defendants claim Wal-mart decided to stop selling some of Plaintiffs' lures because those lures were not selling well and that Defendants' conduct had nothing to do with that decision. (Dkt. No. 21 at 14). Defendants contend that as a result of Wal-mart's independent decision to remove Plaintiffs' lures, a preliminary injunction is no guarantee that Wal-mart would fill the pegs currently occupied by Defendants' lures with Plaintiffs' lures. (*Id.* at 14–15).

Based on the Record presented to the Court at this time, the Court finds Plaintiffs have failed to demonstrate that they will likely suffer irreparable harm without a preliminary injunction because Plaintiffs have not shown the Court any evidence of lost goodwill, loss of market share, or price erosion. Plaintiffs have not provided any evidence to show Plaintiffs' potential lost market share or that Plaintiffs will have to lower their prices to remain competitive. Moreover, Plaintiffs have not demonstrated that they are likely to suffer a loss of goodwill due to the presence of Defendants' lures on the market. This Court is not convinced consumers are likely to confuse Plaintiffs' and Defendants' lures. Thus, the Court finds Plaintiffs have failed to meet their burden of demonstrating they are likely to suffer irreparable harm in the absence of a preliminary injunction.

## Conclusion

Based on the above, Plaintiffs have failed to demonstrate they are entitled to injunctive relief at this time. Therefore, the motion is denied and the order of the Magistrate Judge adopted as the order of this Court and incorporated herein. (Dkt. No. 7). This matter is referred back to the Magistrate Judge for further pre-trial matters.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 17, 2011
Charleston, South Carolina

4