IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Z-Man Fishing Products, Inc.; Holding One, Inc., | ) ) ) | Civil Action No. 2:11-cv-428-RMG |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| Joseph F. Renosky; Renosky Lures, Inc., | ) ) | |
| Defendants. | ) ) ) ) | |

This matter is before the Court for claim construction pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996), and on Plaintiffs' motion for partial summary judgment. (Dkt. No. 34). In this action, Plaintiffs assert claims of patent infringement, trade dress infringement, interference with prospective advantage, unfair competition, breach of contract, and conversion. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(C)(7) DSC, the Court referred this action to United States Magistrate Judge Jacquelyn D. Austin for pretrial proceedings. After briefing on the relevant issues of claim construction and on Plaintiff's motion for partial summary judgment, Judge Austin held oral argument on March 29, 2012, regarding the appropriate claim construction of the lone term at issue in this case (discussed below) and on Plaintiffs' motion for partial summary judgment. (Dkt. No. 84). On April 27, 2012, Judge Austin issued a Report and Recommendation. (Dkt. No. 100). In the Report and Recommendation, Judge Austin recommended a particular claim construction for the term at issue and recommended that Plaintiffs' motion for partial summary judgment be granted. On May 14, 2012, Defendants filed objections to the Report and Recommendations (Dkt. No. 104), and on June 1, 2012, Plaintiffs

1

filed a reply to Defendants' objections. (Dkt. No. 105). After carefully considering the record and the relevant law, the Court wholly adopts the Magistrate Judge's Report and Recommendation.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where a party fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendations of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In the case *sub judice*, Plaintiffs allege that Defendants are infringing a patent owned by Plaintiff Holding One, Inc. (and licensed exclusively to Plaintiff Z-Man Fishing Products, Inc.) by manufacturing and selling certain fishing lures. The specific patent which Plaintiffs allege Defendants are infringing is U.S. Patent No. 7,726,062 (hereinafter, "the '062 Patent"), which is entitled "Snag-Resistant Fishing Lure." Plaintiff Z-Man Fishing Products, Inc. practices the '062 Patent in its CHATTERBAIT® series of fishing lures which it manufactures and sells. Until December 2010, Defendants acted as the sole distributors of the CHATTERBAIT® brand lures to several retailers. Defendants currently manufacture and sell fishing lures which look similar

to the CHATTERBAIT® brand lures and which Plaintiffs allege infringe the '062 Patent. Defendants contend that their lures do not infringe the '062 Patent because their lures do not contain every limitation of the allegedly infringed claim in the '062 Patent. Specifically, Defendants contend that their lures do not contain the limitation found in Claim 1 of the '062 Patent that the fishing lure has "a wire loop *fixed within* and extending from the forward portion of the body." (Emphasis added.)

On October 5, 2011, Plaintiffs filed a motion for partial summary judgment. (Dkt. No. 34). In their motion, Plaintiffs request summary judgment as to Plaintiffs' claim that Defendants have infringed Claims 1, 2, 7, 8, and 10[1] of the '062 Patent.[2] Plaintiffs and Defendants agree that the lone term from the '062 Patent that requires construction is "fixed within," as that term is used in Claim 1 of the '062 Patent.[3] As explained in the Magistrate Judge's Report and Recommendation, the Court cannot determine whether Plaintiffs are entitled to partial summary judgment until after the Court construes the term "fixed within," as that term is used in Claim 1 of the '062 Patent. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("Only when a claim is properly understood can a determination be made whether the claim 'reads on' an accused device or method, or whether the prior art anticipates and/or renders obvious the claimed invention. . . . Because the claims of a patent measure the

---

[1] Claim 1 is the only independent claim in the '062 Patent. Claims 2, 7, 8, and 10 are dependent claims. If Defendants are infringing Claim 1, then it is undisputed that Claims 2, 7, 8, and 10 are infringed as well.

[2] Plaintiffs also moved for summary judgment on Defendants' counterclaim that the '062 Patent is invalid. Defendants have not opposed Plaintiffs' motion for partial summary judgment as to this counterclaim. Further, at the March 29, 2012 hearing before Judge Austin, Defendants stated that they no longer contend that the '062 Patent is invalid. Thus, the Court grants Plaintiffs' motion for partial summary judgment on Defendants' counterclaim that the '062 Patent is invalid.

[3] Plaintiffs also contend that the word "loon" that appears in Claim 1 of the '062 Patent is an obvious typographical error and should be construed as "loop." Defendants have not addressed this argument. Thus, the Court construes the word "loon" as "loop."

3

invention at issue, the claims must be interpreted and given the same meaning for purposes of both validity and infringement analyses."). Claim construction is a matter of law for the Court. *Markman*, 52 F.3d at 970-71 (holding that "the interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law exclusively for the court").

In the Report and Recommendation, Judge Austin first addresses the appropriate construction of the term "fixed within," as that term is used in Claim 1 of the '062 Patent, before reaching Plaintiffs' motion for partial summary judgment. (Dkt. No. 100 at 5-10, 12-25). The Magistrate Judge, by applying the relevant law to the relevant evidence in this case, concludes that the term "fixed within" should be construed to mean "to make firm, stable, or stationary in or into the interior," which is the meaning supported by Plaintiffs. Accordingly, the Magistrate Judge concludes that the meaning of the term "fixed within" supported by Defendants – namely, "stationary, not moveable, set," or "immovable" – is not appropriate. After carefully considering the relevant law and the relevant evidence, the Court agrees with and fully adopts the Magistrate Judge's construction of the term "fixed within" and the thoroughly explained basis for that construction.

Reviewing Plaintiffs' motion for partial summary judgment in light of the Court's determination of the appropriate construction of the term "fixed within," the Court finds that Plaintiffs are entitled to partial summary judgment. As explained by the Magistrate Judge: "Because Defendants do not dispute that their wire loop is 'fixed within' if that term is construed to be broader than 'immovable,' the Court has construed the term to be broader than 'immovable,' and Defendants have raised no other argument to contest infringement of the '062 Patent, the Court finds there is no genuine issue of material fact remaining as to infringement."

(Dkt. No. 100 at 26). In other words, all of Defendants' arguments relate to the appropriate construction of the term "fixed within"; Defendants have not disputed that Plaintiffs' motion for partial summary judgment should be granted in the event that the Court rejects Defendants' construction of the term "fixed within" and adopts the broader construction supported by Plaintiffs. Thus, the Court grants Plaintiffs' motion for partial summary judgment.

With regard to Defendants' objections to the Report and Recommendation, the Court finds that most of the objections constitute an attempt to rehash arguments which were set forth in Defendants' claim construction brief, Defendants' response to Plaintiffs' motion for partial summary judgment, and Defendants' counsel's argument at the hearing before Judge Austin. The Court will not address these objections because the Court agrees with and adopts the Report and Recommendation which fully explains why these arguments should be rejected. The only new argument set forth in Defendants' objections to the Report and Recommendation relates to the application of the summary judgment standard. Specifically, Defendants argue that the Magistrate Judge erred by failing to construe all inferences and ambiguities against Plaintiffs, as the moving party, and in favor of Defendants, as the non-moving party. (Dkt. No. 104 at 3). Defendants are mistaken. All of the arguments advanced by Defendants regarding the prosecution history of the '062 Patent, and almost all of the analysis set forth in the Report and Recommendation (*see* Dkt. No. 100 at 12-25), relate to claim construction – namely, the proper construction of the term "fixed within," as that term is used in Claim 1 of the '062 Patent. Claim construction is a question of law. *See Markman*, 52 F.3d at 970-71 (holding that "the interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law exclusively for the court"); *In re Montgomery*, 677 F.3d 1375, 1379 (Fed. Cir. 2012) (holding that "[c]laim construction is a question of law"). The rule

that a Court must construe inferences and ambiguities in favor of the non-moving party applies to motions for summary judgment, not to claim construction.

Here, the Court construed the term "fixed within" as a matter of law. After the Court did so, no ambiguities or inferences needed to be construed in ruling on Plaintiffs' motion for partial summary judgment. Rather, Plaintiffs were clearly entitled to partial summary judgment based on the construction of the term "fixed within" which the Court adopted. In fact, Defendants have not even argued that Plaintiffs' motion for partial summary judgment should be denied under the construction of "fixed within" adopted by the Court. Thus, the Court finds that Defendants' objections are without merit and that the Report and Recommendation correctly applies the law to the facts of this case.

## Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation and grants Plaintiffs' motion for partial summary judgment.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

June /5, 2012
Charleston, South Carolina

6