IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Z-Man Fishing Products, Inc.; Holding One, Inc., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>Joseph F. Renosky; Renosky Fishing Lures, Inc., <br><br>　　　　Defendants. | Case No. 2:11-cv-428-RMG <br><br>**REPORT AND RECOMMENDATION** <br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on Defendants' motion to for leave to appeal. [Doc. 110.] Pursuant to the provisions of Title 28, United States Code, Section 636 and Local Rule 73.02(C)(7), D.S.C., this magistrate judge is authorized to review pretrial motions in cases referred for pretrial management and to submit finding and recommendations to the District Court.

## BACKGROUND

Plaintiff Z-Man Fishing Products, Inc. ("Z-Man"), is a privately held fishing tackle company based in Ladson, South Carolina. [Doc. 34-3 ¶ 3.] Z-Man is a directly owned subsidiary of Plaintiff Holding One, Inc. ("Holding One"). [*Id.* ¶ 4.] Holding One is the owner by purchase and assignment of all right, title, and interest in U.S. Patent No. 7,726,062 ("the '062 Patent"), entitled "Snag-Resistant Fishing Lure," practiced by the CHATTERBAIT®, a line of fishing lures commercialized by Z-Man. [*Id.* ¶ 5.] Z-Man is the exclusive licensee of the rights associated with the '062 Patent. [Doc. 7-2 ¶ 7.]

Defendant Joseph F. Renosky ("Renosky") is the owner and operator of Defendant Renosky Lure, Inc. ("Renosky Lure"). [Doc. 21-1 ¶ 2.] Renosky has been in the fishing

lure business for many years. [*Id.* ¶ 3.] Until December 2010, Defendants acted as the sole distributors of the CHATTERBAIT® brand lures to several retailers. [Doc. 7-2 ¶ 18; Doc. 21-1 ¶ 26.] However, Z-Man terminated the distributorship, effective at the end of December 2010. [Doc. 7-2 ¶ 18.]

Plaintiffs filed this action on February 22, 2011, alleging claims of (1) patent infringement, (2) trade dress infringement, (3) interference with prospective advantage, (4) unfair competition, (5) breach of contract, and (6) conversion. [Doc. 1.] Plaintiffs also requested a declaratory judgment that U.S. Patent No. D579,512, owned by Renosky, is invalid and/or unenforceable. [*Id.*] On April 19, 2011, Defendants filed their Answer and asserted counterclaims against Plaintiffs, including declaration of non-infringement of the '062 Patent and declaration of invalidity of the '062 Patent. [Doc. 18 at 9–12.]

On March 31, 2011, Plaintiffs filed a motion for a temporary restraining order and expedited hearing. [Doc. 7.] On May 10, 2011, after a hearing on the motion, the Court issued a Report and Recommendation recommending Plaintiffs' motion be construed as a motion for a preliminary injunction and that the motion be denied for Plaintiffs' failure to demonstrate irreparable harm. [Doc. 28.] In the Report and Recommendation, the Court found Plaintiffs were likely to succeed on their patent infringment claim because, construing the term "fixed within" on the record before the Court at that time, the claim term "fixed within" meant "to make firm, stable, or stationary in or into the interior" and was not limited to being construed as "immovable." [*Id.* at 11–13.] The District Court adopted the Report and Recommendation on May 17, 2011. [Doc. 30.]

On September 13, 2011, the parties filed a Joint Claims Construction Brief and Pre-hearing Statement, indicating their positions on claims construction and outlining the

procedure for the claims construction hearing. [Doc. 32.] Subsequently, the parties filed claims construction briefs. [Docs. 37, 38, 39.] On October 5, 2011, Plaintiffs filed a motion for partial summary judgment on the issues of infringement and validity of Claims 1, 2, 7, 8, and 10 of the '062 Patent. [Doc. 34.] Defendants filed a response in opposition on November 30, 2011. [Doc. 40.]

On March 29, 2012, the Court held a *Markman* hearing and a hearing on the motion for partial summary judgment. [*See* Doc. 84.] On April 27, 2012, the Court entered a Report and Recommendation recommending the term "fixed within" of Claim 1 of the '062 Patent be construed as stated in the Court's previous Report and Recommendation—as "to make firm, stable, or stationary in or into the interior"—and Plaintiffs' motion for partial summary judgment be granted and summary judgment be entered in Plaintiffs' favor as to infringement and validity of the '062 Patent. [Doc. 100.] Defendants filed objections to the Report and Recommendation [Doc. 104], to which Plaintiffs filed a reply [Doc. 105]. After a *de novo* review, the District Judge adopted the Report and Recommendation by Order dated June 15, 2012. [Doc. 107.]

On July 5, 2012, Defendants filed the motion for leave to appeal now before the Court. [Doc. 110.] In the motion, which is more specifically entitled "Petition for Certification of Interlocutory Appeal and Motion to Amend Order and Stay Proceedings Pending Appeal," Defendants request the Court to certify the following questions: (1) whether the Court erred in its construction of independent Claim 1 of the '062 Patent and (2) whether the Court erred in granting partial summary judgment as to infringement to

Plaintiffs.[1] [*Id.*] On July 23, 2012, Plaintiffs filed a response in opposition to the motion. [Doc. 112.] Defendants filed a reply on August 2, 2012. [Doc. 116.] Accordingly, this matter is ripe for review.

## **APPLICABLE LAW**

A district court may certify an issue for interlocutory appeal to the appropriate court of appeals under certain limited circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original). The United States Supreme Court has noted only "'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quoting *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 890 F. Supp. 470, 498 (D.S.C. 1995) (stating that because the law does not favor "piece-meal appeals," certification under § 1292(b) is an "extraordinary measure" and denying

---

[1] To satisfy the requirements for an interlocutory appeal, Defendants also request the District Judge amend his Order of June 15, 2012 to state that the Order is appealable pursuant to the factors outlined in 28 U.S.C. § 1292(b). [Doc. 110-1 at 6.]

certification in the case before the court). Even if a district court certifies an issue for interlocutory appeal, the court of appeals must exercise its own discretion in deciding whether it will grant permission to appeal the certified order. *See* 28 U.S.C. § 1292(b) ("The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, *in its discretion*, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order." (emphasis added)). It is the practice of the United States Court of Appeals for the Federal Circuit, however, to limit appeals to final judgments.[2]

## **DISCUSSION**

Defendants contend the Court erred in its claim construction by adopting a construction that broadens the scope of Claim 1 to cover new matter. [Doc. 110-1; Doc. 116 at 1–2, 5–6.] Specifically, Defendants argue the parent application to the '062 Patent, which became U.S. Patent No. 7,627,978 ("the '978 Patent"),[3] discloses and expressly claims "an eyelet immovable relative to said jig body" and that the '062 Patent fails to

---

[2] The Federal Circuit's "final judgment rule," as applied to patent disputes arising under 28 U.S.C. § 1338, is set forth at 28 U.S.C. § 1295 and mirrors that of its counterpart found at 28 U.S.C. § 1291. *See Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1292 (Fed. Cir. 2005). Under the rule, parties may appeal only a "final decision of a district court." 28 U.S.C. § 1295. The Supreme Court has defined a final judgment as a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (citing *St. Louis I.M. & S.R.R. v. S. Express Co.*, 108 U.S. 24, 28 (1883); *see also Coopers & Lybrand*, 437 U.S. at 467 (quoting *Catlin*, 324 U.S. at 233). Requiring parties to "raise all claims of error in a single appeal following final judgment on the merits," *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981), avoids "piecemeal disposition on appeal of what for practical purposes is a single controversy," *Cobbledick v. United States*, 309 U.S. 323, 325 (1940). If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no "final decision," and therefore, the Federal Circuit lacks jurisdiction. *Pandrol USA, LP v. Airboss Ry. Products Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) (quoting *Syntex Pharm. Int'l, Ltd. v. K-Line Pharm., Ltd.*, 905 F.2d 1525, 1526 (Fed. Cir. 1990).

[3] The '062 Patent was filed as a continuation from the application that became the '978 Patent. [*See, e.g.*, Doc. 39 at 4.] As with the '062 Patent, Holding One is the owner by purchase and assignment of all right, title, and interest in the '978 Patent. [Doc. 7-2 ¶ 6.]

disclose a lure having a moveable eyelet. [Doc. 110-1 at 4; Doc. 116 at 5.] Defendants contend that, because the U.S. Patent and Trademark Office ("the PTO") issued a non-statutory obviousness-type double patenting rejection to the claims of the '062 Patent in light of its parent application, and Plaintiffs expressly agreed to disclaim the term of the '062 Patent beyond the expiration of the earlier '978 Patent, Plaintiffs relinquished the right to claim anything other than an immovable eyelet in the '062 Patent. [Doc. 110-1 at 5; Doc. 116 at 3–5.] Accordingly, Defendants contend construing Claim 1 of the '062 Patent to cover a movable eyelet presents a controlling question of law for which there is substantial ground for differing opinion.

Plaintiffs contend "Defendants have never offered a *substantial* ground for their claim construction position, and therefore, by definition, there now can be no *substantial* ground for difference of opinion." [Doc. 112 at 2 (emphasis in original).] Specifically, Plaintiffs contend "Defendants have staked their claim construction position on a far-flung notion, unsupported by law or fact, . . . [on an] issue [that] has never been characterized as debatable or 'in the grey zone,' even by Defendants." [*Id.* at 3.] Consequently, Plaintiffs argue there is no reason for the Court to be especially desirous of seeking interlocutory review of its decision. [*Id.*]

As the Federal Circuit has emphasized,

> When creating the authority to seek appellate review pursuant to § 1292(b), Congress made clear that it was not establishing an accessible tool for parties to avoid waiting for final judgment to seek ordinary error-correction. *See* Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b)*, 88 Harv. L. Rev. 607, 631 (1975) ("The statutory history of the Act plainly shows that . . . supervision . . . [is not] a proper justification for a section 1292(b) appeal.").

6

> This court has generally refrained from granting § 1292(b) petitions to resolve claim construction disputes, instead, leaving such matters to be determined after entry of final judgment. This court's decision in *Regents of Univ., Cal. v. Dako North America*, 477 F.3d 1335 (Fed. Cir. 2007) marks the only occasion in which this court granted a § 1292(b) petition to review the merits of a claim construction order. We made clear in *Regents* however, that the decision to grant that petition was based solely on the peculiar circumstances of that case in which the same claim construction order was already before the court in an appeal of an order denying an injunction. *Id.* at 1336.

*Portney v. CIBA Vision Corp.*, 401 F. App'x 526, 529 (Fed. Cir. 2010). Further, courts have defined a "controlling question" as one that would avoid a lengthy trial and that would save the court the time and expense of a "protracted and expensive litigation." *Graves v. C & S Nat'l Bank of Ga.*, 491 F. Supp. 280, 282–83 (D.S.C. 1980).

Here, construing the disputed claim term resolved the issue of infringement,[4] but several claims remain unresolved, such as Plaintiffs' claims of (1) trade dress infringement, (2) interference with prospective advantage, (3) unfair competition, (4) breach of contract, (5) conversion, and (6) declaratory judgment that U.S. Patent No. D579,512, owned by Renosky, is invalid and/or unenforceable. Determining the proper construction of Claim 1 would not avoid trial and save the Court the time and expense of litigation concerning the remaining issues. Thus, while the claim construction is a controlling question of law as to the patent infringement issue, it is not a controlling question of law as to the remaining

---

[4] As noted in the District Court's Order adopting this Court's Report and Recommendation of April 27, 2012 and granting Plaintiffs' motion for partial summary judgment, Defendants did not oppose Plaintiffs' motion to the extent Plaintiffs moved for summary judgment on Defendants' invalidity counterclaim and stated to this Court that they no longer argued the '062 Patent is invalid. [Doc. 107 at 3 n.2.] Based on Defendants' representations, the District Court granted Plaintiffs' motion for partial summary judgment on the issue of validity. [*Id.*] Accordingly, the construction of Claim 1 of the '062 Patent played no role in the Court's analysis of Plaintiffs' motion for partial summary judgment as to the issue of validity.

issues in this case, and thus, resolution of any claim construction question would not avoid litigation or conserve judicial resources in this action.

Moreover, as previously stated, Defendants argue construing "fixed within" to have a broader meaning than "immovable" is inconsistent with the PTO's nonstatutory obviousness-type double patenting rejection of the '062 Patent application and the terminal disclaimer filed by Plaintiffs. [Doc. 110-1 at 4–6; Doc. 116 at 3–5.] The law, however, is clear that the filing of a terminal disclaimer "raises neither presumption nor estoppel on the merits of the rejection" but "simply serves the statutory function of removing the rejection of double patenting." *Quad Envtl. Techs. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 874 (Fed. Cir. 1991). Defendants point to no contrary authority in the law supportive of the position they argue to the Court. In light of rather one-sided judicial authority to the contrary, the mere fact that there is "some difference of opinion" among the parties on a particular issue is insufficient to establish the "substantial ground for difference of opinion" required by § 1292(b). *Bates v. Tenco Servs. Inc.*, 132 F.R.D. 165, 166 (D.S.C. 1990).

Consequently, the Court concludes the Order regarding claim construction and Plaintiffs' motion for partial summary judgment on the issues of patent infringement and validity does not "involve a controlling question of law as to which there is substantial ground for difference of opinion" as required for certification under § 1292(b). Thus, the Court recommends Defendants' motion for leave to appeal be denied for failure to meet the requirements of § 1292(b).

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Defendants' motion for leave to file appeal be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 13, 2012
Greenville, South Carolina